# 2000 DTA 97

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO**
**PANEL I**

JUAN R. FERNANDEZ VELAZQUEZ
Demandante-Apelado

v.

LYDIA LOPEZ
Demandada-Apelante

Núm. KLAN-99-00738

San Juan, Puerto Rico, a 26 de enero de 2000

Panel integrado por su Presidente, Juez señor Miranda de Hostos
y los Jueces señor Rivera Pérez y señor Rodríguez García

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante el presente recurso, se solicita de esta Curia la revocación de una sentencia emitida por el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Fajardo, el 4 de junio de 1999, notificada y archivada en autos copia de la misma el 15 de junio de 1999. En el referido dictamen, ese tribunal declaró con lugar la demanda del caso de autos y condenó a la parte demandada a pagar a la parte demandante la suma de ochocientos diez y seis dólares con sesenta y seis centavos ($816.66). No estando conforme con la anterior determinación, la parte demandada acude ante nos. No le asiste la razón a la parte demandada, aquí apelante. Se confirma el dictamen apelado.

## I

El 16 de abril de 1996, las partes litigantes suscribieron un contrato de arrendamiento, cuyo objeto fue

determinado apartamento ubicado en el Municipio de San Juan. Al momento del referido otorgamiento, la parte demandante, aquí apelada, depositó con la demandada el importe de un mes de renta como garantía y, además, pagó un mes de renta por adelantado. Conforme a lo dispuesto en el contrato de arrendamiento, la suma de dinero depositado como garantía sería devuelto a la demandante, aquí apelada, al momento en que entregara el apartamento, siempre que el mismo estuviera en buenas condiciones. Aunque el contrato en cuestión venció el 2 de mayo de 1997, el demandante continuó haciendo uso del apartamento hasta el 17 de marzo de 1998. Al desalojarlo, la parte demandante, aquí apelada, requirió de la demandada la devolución de la suma de dinero en depósito, conforme fue pactado en el contrato de arrendamientg. Luego de que la parte demandante, aquí apelada, realizara varios requerimientos a tales efectos sin éxito, el 17 de diciembre de 1998 radicó demanda sobre cobro de dinero contra la parte demandada, aquí apelante, ante el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Fajardo. ■ La referida causa de acción fue presentada al amparo del procedimiento provisto por la Regla 60 de las de Procedimiento Civil. ■

El 18 de diciembre de 1998, la parte demandada, aquí apelante, fue notificada de la demanda que había sido incoada en su contra y, a su vez, fue citada para la vista del caso, la cual se celebraría el 25 de enero de 1999. ■ Según se desprende del dictamen apelado, el día de la vista pautada compareció la parte demandada, aquí apelante, señora Lydia López, sin representación legal. Esta expresó haber contratado los servicios de un abogado, el cual en ese momento se encontraba fuera del país. Surge de la sentencia apelada que en atención a lo anterior, el tribunal *a quo* concedió a la parte demandada, aquí apelante, un término para contestar la demanda, señalándose el caso para la celebración de la vista el 1 de marzo de 1999. Durante la celebración de la vista señalada para el 1 de marzo de 1999, la parte demandada, aquí apelante, solicitó un término adicional para contestar la demanda y presentar las defensas correspondientes. El Tribunal le concedió un término de diez (10) días a tales efectos.

El 5 de abril de 1999 fue celebrada la vista en sus méritos, y durante la misma, la representación legal de la parte demandada, aquí apelante, informó al Tribunal de Primera Instancia que ese mismo día había presentado la contestación a la demanda, sus defensas, además de una reconvención. A tal actuación se opuso la parte demandante, aquí apelada. Luego de que las partes argumentaran sus respectivas posiciones sobre el asunto, el Tribunal de Primera Instancia determinó no aceptar la contestación a la demanda, ni la reconvención, y procedió a anotarle la rebeldía a la parte demandada, aquí apelante. Así las cosas, el foro apelado recibió la prueba presentada por la demandante, aquí apelada, consistente en el testimonio de dicha parte y cierta prueba documental.

El 4 de junio de 1999, notificada y archivada en autos copia de la misma el 15 de junio de 1999, el Tribunal de Primera Instancia emitió sentencia declarando con lugar la demanda del caso de autos, condenando a la parte demandada a pagar a la parte demandante la suma de ochocientos diez y seis dólares con sesenta y seis centavos ($816.66), más el interés legal de dicha suma desde la radicación de la demanda. Inconforme con la anterior determinación, la parte demandada, aquí apelante, acude ante nos, señalando como errores cometidos por el tribunal *a quo* los siguientes:

*"a) A la luz de la política judicial existente en Puerto Rico de que los casos deben verse en sus méritos y estando las partes ante el Tribunal y la contestación a la demanda radicada, abusó de su discreción el Tribunal de Instancia al negarse a aceptar la contestación privando de ese modo a la parte apelante de poder defenderse esgrimiendo las defensas que tenía a la reclamación.*

*b) La parte apelada no podía dar al contrato una interpretación distinta que no fuera de año en año, o a la suma de mes a mes, tal como contrató, por lo que al iniciarse el mes de marzo de 1998, adeudaba el balance del año de contrato, o sea dos meses completos de renta que nunca pagó."*

## II

El presente pleito trata sobre una reclamación de cobro de dinero, tramitada de conformidad con las disposiciones de la Regla 60 de Procedimiento Civil, *supra*. Dispone la mencionada Regla 60, *supra*, en lo

pertinente:

*"Cuando se presentare un pleito en cobro de una suma que no exceda de los cinco mil (5,000) dólares, excluyendo los intereses, y cuando no se solicite específicamente en la demanda tramitar el caso bajo el procedimiento ordinario prescrito por estas reglas, el secretario inmediatamente notificará al demandado por correo o cualquier otro medio de comunicación por escrito.*

*...*

*La notificación especificará la naturaleza de la reclamación y la fecha señalada para la vista. Dicha vista se celebrará en la fecha más próxima posible, pero nunca antes de quince (15) días de la notificación del demandado. El tribunal entenderá todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Si el demandado no compareciere, el tribunal, al determinar que fue debidamente notificado y que se le debe alguna suma al demandante, dictará sentencia. Si se demostrare al tribunal que el demandado tiene alguna reclamación sustancial, o en el interés de la justicia, el tribunal podrá ordenar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas. Así, dicha regla provee para la tramitación expedita y sencilla de pleitos sobre cobro de dinero, siempre que la cantidad adeudada reclamada no exceda de cinco mil dólares ($5,000). La regla en cuestión ha sido diseñada de forma que una reclamación atendida al amparo de la misma pueda ser resuelta en su totalidad por el Tribunal de Primera Instancia con la celebración de una sola vista."*

Las primeras dos vistas que fueron señaladas por el Tribunal de Primera Instancia en el caso de autos para dilucidar la reclamación de la parte demandante, aquí apelada, fueron suspendidas por el foro apelado a instancias de la parte demandada, aquí apelante, para brindarle a ésta la oportunidad de que estuviera en una mejor posición de enfrentar la reclamación incoada en su contra. Esto es, en la primera ocasión fue suspendida la vista debido a que alegadamente la representación legal de la parte demandada, aquí apelante, se encontraba fuera de la isla. En la segunda ocasión, la vista fue suspendida, por razón de que a la parte demandada, aquí apelante, le fue concedido un término de diez (10) días para que contestara la demanda y presentara sus defensas.

Debemos comenzar señalando que las referidas oportunidades que el foro apelado le otorgó a la aquí apelante, las concedió haciendo uso de su facultad discrecional. A tenor con el procedimiento provisto por la Regla 60 de Procedimiento Civil, *supra*, el tribunal *a quo* tenía autoridad para atender la reclamación en cuestión en su totalidad en la primera vista que fuera pautada. Somos de opinión que la conducta procesal desplegada por la parte demandada, aquí apelante, en las fechas antes indicadas, intentaban impedir la solución justa, rápida y económica de la causa de acción presentada, en contravención a lo consignado en la Regla 1 de las de Procedimiento Civil. ■ Dicho principio es de aplicación a la Regla 60 de Procedimiento Civil, *supra*, la cual ordena al Tribunal de Primera Instancia, salvo en determinadas ocasiones, dictar sentencia, sin demora, al culminar la primera vista, aun cuando el demandado, debidamente notificado, no compareciere. ■

Concluimos, que ante la situación procesal que presentaba el caso de autos, la determinación del Tribunal de Primera Instancia de no aceptar la contestación a la demanda presentada tardíamente por la parte demandada, aquí apelante, no constituyó una actuación arbitraria. La misma se encuentra enmarcada dentro del ámbito discrecional que posee el Tribunal de Primera Instancia para adjudicar las controversias de forma justa y rápida, el cual, a nuestro entender, en el caso de autos fue utilizado con prudencia. Determinamos que por ser el caso de autos uno atendido en virtud de los procedimientos provistos en la Regla 60 de Procedimiento Civil, *supra*, era innecesario decretar la anotación de rebeldía a la parte demandada, aquí apelante. Dicha parte, al acudir ante nos, no realizó planteamiento alguno relativo a que tal determinación tuviera un efecto perjudicial real en el resultado final del caso. Esto es, según se desprende de nuestro expediente, la parte demandada no compareció a la vista en sus méritos en el caso de autos. Sólo asistió su representación legal. Por otro lado, dicha parte ni siquiera argumentó haber tenido prueba a su favor, la cual se vio imposibilitada de presentar por tal determinación. Siendo ello así, no hallamos un fundamento de peso real que nos mueva a revocar la determinación del Tribunal de Primera Instancia en cuanto a no aceptar la contestación a la demanda y anotar la rebeldía a la parte demandada, por no haberse

presentado dentro del transcurso de los diez (10) días concedidos para así hacerlo. Entendemos que la anotación de rebeldía dictaminada por el Tribunal de Primera Instancia constituyó un acto inoficioso, por no estar contemplado en el procedimiento especial dispuesto en la Regla 60 de Procedimiento Civil, *supra*.

En su segundo señalamiento de error, la parte aquí apelante argumenta que la figura de tácita reconducción opera por el término en que fue pactada la vigencia del contrato de arrendamiento, en este caso un año, y no por el término en que fueron acordados los cánones del mismo, los cuales en el caso de autos eran mensuales. El planteamiento es uno carente de méritos.

Los Artículos 1456 y 1471 del Código Civil de Puerto Rico ▬ consignan la figura jurídica, aplicable a los contratos de arrendamiento, conocida como tácita reconducción. En virtud de ésta, al expirar el término del contrato de arrendamiento, y el dueño del inmueble no requerir su desalojo, por ficción jurídica, se entiende que surge un nuevo contrato de arrendamiento, cuyo término de duración será, no el estipulado en el contrato original, sino el término por el cual fueron pactados los cánones del mismo. ▬ De esta forma, la interpretación que el aquí apelante pretende que otorguemos a la referida figura de tácita reconducción, a los efectos de que el nuevo contrato surge por el término de vigencia del original, no encuentra cabida en nuestro ordenamiento jurídico. El segundo error señalado no fue cometido.

### III

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General